UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cherise Sandak,<br><br>            Plaintiff,<br><br>     v.<br><br>Penn Credit Corporation; and DOES 1-10, inclusive,<br><br>            Defendant. | Civil Action No.: 1:14-cv-909 (DNH/CFH)<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Cherise Sandak, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Cherise Sandak ("Plaintiff"), is an adult individual residing in Schenectady, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Penn Credit Corporation ("Penn"), is a Pennsylvania business entity with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Penn and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Penn at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Penn for collection, or Penn was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Penn Engages in Harassment and Abusive Tactics

12. On or about January 5, 2014, Penn contacted Plaintiff's father-in-law in an attempt to collect the Debt from Plaintiff.

13. When Plaintiff's father-in-law answered Penn's call, he heard a pre-recorded message stating that the call was an attempt to collect the Debt from Plaintiff.

14. Plaintiff's father-in-law confronted Plaintiff about the call he received from Penn, which caused a great deal of stress and embarrassment for Plaintiff.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA.

22. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 22, 2014

                    Respectfully submitted,

                    By /s/ Sergei Lemberg

                    Sergei Lemberg (SL 6331)
                    LEMBERG & ASSOCIATES L.L.C.
                    1100 Summer Street, 3rd Floor
                    Stamford, CT 06905
                    Telephone: (203) 653-2250
                    Facsimile:  (203) 653-3424
                    Attorneys for Plaintiff